USDC SCAN INDEX SHEET










KSR     7/26/06    10:49

3:06-CV-01445    BENSBARGAINS.NET LLC V. XPBARGAINS.COM

*1*

*CMP.*

ORIGINAL

ORIGINAL

FILED
06 JUL 17 PM 4: 16

DEPUTY

Joshua A. Ridless
State Bar No. 195413
LAW OFFICE OF JOSHUA A. RIDLESS
244 California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 986-8600
Facsimile: (415) 480-1398

Attorneys for Plaintiff
BENSBARGAINS.NET LLC

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENSBARGAINS.NET LLC, <br><br> Plaintiff, <br><br> vs. <br><br> XPBARGAINS.COM, a form unknown, HAIYUN GUO, an individual, KANG WANG, an individual, and DOES ONE THROUGH TWENTY, <br><br> Defendant | Case No.: '06 CV 1445 BTM LSP <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT; INTERFERENCE WITH PROSPECTIVE ADVANTAGE; NEGLIGENT INTEREFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; CIVIL CONSPIRACY; AND UNLAWFUL BUSINESS PRACTICES UNDER BUSINESS AND PROFESSIONS CODE §17200. <br><br> DEMAND FOR JURY TRIAL. |

BY FAX

Plaintiff BENSBARGAINS.NET LLC ("Bensbargains"), through its attorney, alleges as follows:

## INTRODUCTION

1. Plaintiff Bensbargains is located in the City and County of San Francisco. Plaintiff owns and operates www.BensBargains.net (hereafter "Bensbargains"), which is a website that has become one of the most popular bargain shopping destinations on the Internet. Since January 6, 2000, Bensbargains has been searching the Internet for links to bargains found on various other webpages, and posting links to these bargains on www.Bensbargains.net.

COMPLAINT - 1

updating these links every day. Plaintiff's listings constitute a compilation under 17 U.S.C. §103 and are entitled to copyright protection under the Copyright Act of 1976, as Amended.

2. Plaintiff has relationships with a myriad of companies, whereby plaintiff is compensated whenever anyone clicks a link on plaintiff's website, to one of the advertised bargains and then purchases the product from the vendor.

3. Defendant XPBargains.com, a form unknown (hereafter "XPBargains" or "Defendant"), operates the website www.xpbargains.com. During the period beginning in early 2003 through October 19, 2005, plaintiff's postings, often times, verbatim, have appeared on the website www.xpbargains.com. XPBargains benefits from these duplicative postings, by receiving compensation whenever anyone clicks a link on defendant's website, to one of the advertised bargains and then purchases the product from the vendor.

## PARTIES

4. Plaintiff is informed and believes, and on the basis of such information and belief alleges that at all times mentioned herein XPBargains, a form unknown, maintained its principal place of business in San Diego County.

5. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Haiyun Guo (hereafter "Guo") is a natural person.

6. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Guo is a resident of San Diego County.

7. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Kang Wang (hereafter "Wang"), is a natural person.

8. Plaintiff is informed and believes and thereon alleges that Wang is a resident of San Diego County.

//
//

COMPLAINT - 2

## JURISDICTION AND VENUE

9. This is a complaint for violations of the Copyright Act of 1976, 17 U.S.C. § 103, as Amended, interference with prospective economic advantage, negligent interference with prospective economic advantage, civil conspiracy, and unlawful business practices under Business and professions Code §17200 et seq.

10. Original jurisdiction to hear any civil action arising under the Copyright Act is vested with the district courts according to 28 U.S.C. § 1338.

11. This court has supplemental jurisdiction to hear the claims for interference with prospective economic advantage, negligent interference with prospective economic advantage, civil conspiracy, and unlawful business practices under Business and Professions Code § 17200, under 28 U.S.C. § 1367 as they arise from a common nucleus of operative facts as plead below.

12. The Court is the proper venue for this case. According to 28 U.S.C. § 1400, civil actions to enforce copyrights may be instituted in the district where the defendant or their agent resides. Plaintiff is informed and believes, and thereon alleges that Kang and Guo are residents of San Diego County and that XPBargains maintains its principal place of business there. A substantial part of the events or omissions which give rise to the claims alleged herein occurred and in which a substantial part of the property that is the subject of this action is located.

## SUMMARY

13. Plaintiff is informed and believes, and on the basis of such information and belief thereon alleges that Guo is as an agent and/or employee of XPBargains, a form unknown, and in doing the things herein alleged was acting within the course and scope of such agency and with the agency and consent of his codefendants.

14. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Wang is an agent and/or as an employee of XPBargains, a form unknown, and in

COMPLAINT - 3

1  doing the things herein alleged was acting within the course and scope of such agency and with
2  the agency and consent of his codefendants.

3  15.  Plaintiff does not know the names of Does 1 through 20, whether they are
4  corporate, associate or individual, sued herein as Doe 1 through Doe 20, inclusive, and each of
5  them, for that same reason prays leave to insert the true names and capacities of them when the
6  same are ascertained. Plaintiff is informed and believes and therefore alleges that each of the
7  defendants herein designated as Doe is negligently and/or intentionally liable or responsible in
8  some manner for the events and happenings herein referred and proximately caused injury and
9  damage to the plaintiff thereby as herein alleged.

10  16.  At all times mentioned herein, XPBargains.com, a form unknown, Wang, Guo,
11  and Does 1 through 20 inclusive were acting as agents of each other.

12  17.  Plaintiff alleges that the ongoing infringement is willful. Plaintiff has frequently
13  put intentional misspellings into its postings which have then appeared on XPBargains' website.
14  Further, the infringement by XPBargains has been literal copying of all the advertised bargains
15  and the copy created by plaintiff.

16  18.  Plaintiff has written email correspondences to defendant XPBargains, noticing
17  them of this infringement and demanding that it cease. Plaintiff received a communication from
18  a Mr. John M. Benassi, of HellerEhrman LLP's San Diego office, advising receipt of plaintiff's
19  notices and stating that it represents XPBargains. Acting with apparent authority of XPBargains,
20  Mr. Benassi denied any infringement, refused to have his clients disclose their financials, to
21  show plaintiff's damages and refused to have his clients desist from any further copying of
22  plaintiff's website. Mr. Benassi further refused to reveal the identity of his clients or to accept
23  service on behalf of his clients.

24
25

COMPLAINT - 4

19. On information and belief, plaintiff alleges that XPBargains has been compensated for various vendors located in the State of California, that many of its users reside in the State of California and that XPBargains is located somewhere in the County of San Diego.

20. By filing this complaint, plaintiff seeks to end XPBargains' continuous infringement of its material, and seeks damages for sales commissions and other remuneration for which XPBargains benefited, through its infringement of plaintiff's material.

## BACKGROUND

21. Plaintiff is informed and believes and thereon alleges that XPBargains.com is a fictitious business name.

22. Plaintiff is informed and believes that payments of moneys to XPBargains related to the copying of the proprietary database of advertisements, created by Bensbargains are sent to Kang and Guo.

23. The actions alleged herein to have been undertaken by the Defendants were undertaken by each Defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated or otherwise encouraged, and are actions for which each Defendant is liable. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and benefited from these actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other Defendants.

//
//
//

COMPLAINT - 5

## FIRST CAUSE OF ACTION
### (For Violation of 17 U.S.C. §103; 1976 Copyright Act, As Amended)

24. Plaintiff repleads, repeats verbatim, and incorporates each and every allegation appearing at Paragraphs 1-23 of this Complaint, as though fully stated herein, and complains of defendants, and each of them, as follows:

25. Plaintiff's postings are composed of those links for which plaintiff believes represent great savings on deals found across the Internet. The compilations of copy and links found on plaintiff's website, on any given day, are unique and original. Plaintiff's listings constitute a compilation under 17 U.S.C. §103 et seq. and are entitled to copyright protection under the Copyright Act of 1976, as Amended.

26. XPBargains has been copying the compilation of links posted on plaintiff's website, to XPBargains' own website, for the purpose of profiting through the eventual sale of the products displayed in this compilation. This copying is a violation of the Copyright Act of 1976, as Amended.

27. Each act in violation of Copyright Act of 1976 was done with malice and resulted in the oppression of the plaintiff and plaintiff is therefore entitled to exemplary and punitive damages from defendants.

28. WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Interference with Prospective Economic Advantage)

29. Plaintiff repleads, repeats verbatim, and incorporates each and every allegation appearing at Paragraphs 1-28 of this Complaint, as though fully stated herein, and complains of defendants, and each of them, as follows:

30. Defendants willfully and intentionally copied the advertising postings created by Bensbargains.

31. By copying and reposting these ads on XPBargains own website(s), defendants thereby received, and continue to receive, the credit and profit for the business directed to the various vendors without incurring any expense for searching and creating the compilation of bargain offers, defendants have interfered, and continue to interfere with the prospective economic advantage of Bensbargains.

32. Each of the acts was done with malice and resulted in the oppression of the plaintiff and plaintiff is therefore entitled to exemplary and punitive damages from defendants. The foregoing acts were done by the defendants, and each of them, wantonly, intentionally, willfully, fraudulently, and oppressively in that defendants used compilations created by Bensbargains to interfere with plaintiff's business advantage in order to unjustly enrich themselves.

33. WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Negligent Interference with Prospective Economic Advantage)**

34. Plaintiff repleads, repeats verbatim, and incorporates each and every allegation appearing at Paragraphs 1-16 and 19-23 of this Complaint, as though fully stated herein, and complains of defendants, and each of them, as follows:

35. Defendants knew or should have known that they were using compilations found on Bensbargains.com which were works protected under the 17 U.S.C. § 103.

COMPLAINT - 7

36. As such, Defendants were under a duty to refrain from using the copyrighted works without the permission of the copyright holder.

37. Defendants, engaged in a similar business as Bensbargains, knew, or should have known, that the use of those copyrighted works on their own website would result in business losses to the Plaintiff from loss of revenue of commissions because of diversion of traffic from the Plaintiff's website to the site maintained by the Defendant.

38. Defendants, being engaged in a similar type of website which is a competitor of the Plaintiff's, knew or should have known that the Plaintiff had a relationship with a myriad of companies. As such, the defendants were under a duty to refrain from interfering with these relationships.

39. Defendants knew, or should have known, that the copying of the compilations from the Bensbargain's website would interfere with Plaintiff's expected economic advantage.

40. The unauthorized copying of the compilations was a substantial factor in loss of commissions by Bensbargains.

41. The defendants, and each of them, either did not seek permission of the copyright holder or use the copyright protected materials in a way that would be covered under the definition of "fair use" according to 17 U.S.C. §107. Furthermore, by using the compilations without the permission of the Plaintiff, they knew or should have known that their actions would cause foreseeable harm to the business relationships between Bensbargains and various vendors, the same vendors which Defendants were in competition to do business with.

42. Wherefore, Plaintiff prays judgment as is hereinafter set forth.

//

## FOURTH CAUSE OF ACTION

### (Civil Conspiracy)

43. Plaintiff repleads, repeats verbatim, and incorporates each and every allegation appearing at Paragraphs 1 – 33 of this Complaint, as though fully stated herein, and complains of defendants, and each of them, as follows:

44. At all times mentioned, defendants, and each of them knowingly and willfully conspired and agreed among themselves to perpetrate upon the plaintiff those acts complained of as set forth in the Second Cause of Action as are incorporated herein.

45. These acts were committed by defendants with malice and oppression.

46. By reason of the aforesaid acts, plaintiff was damaged by the interference with his prospective economic advantages and sustained losses due to diverted revenues.

47. WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Unlawful Business Practices under Business and Professions Code § 17200 et seq.)

48. Plaintiff repleads, repeats verbatim, and incorporates each and every allegation appearing at Paragraphs 1 - 33 and 43-47 of this Complaint, as though fully stated herein, and complains of defendants, and each of them, as follows:

49. Through the above-described conduct, Defendants have engaged in an "unlawful" business act or practice in that the copying and use of the copyright-protected compilations created by Bensbargains is a violation of the 17 U.S.C. § 103 et seq.

50. The above-described unlawful business acts and practices engaged in by defendants continue to this day significantly threatens or harms competition. Defendants have failed to acknowledge the wrongfulness of their actions and provide the complete relief required by the statute and continue to unlawfully and unfairly misuse copyrighted compilations created by Bensbargains.

51. Wherefore, plaintiff prays for relief from this court as hereinafter set forth.

WHEREFORE, plaintiff prays for relief from this Court as follows:

**As to the First Cause of Action for Violation of 17 U.S.C. §103; 1976 Copyright Act, As Amended:**

(a) Issue a permanent injunction, enjoining and prohibiting Defendants, or their agents, servants, employees, officers, attorneys, successors and assigns from publishing, maintaining or controlling, or allowing others to maintain and control, the compilation of postings contained on plaintiff's website;

(b) Order an award of damages in an amount to be determined at trial; and

(c) In addition to actual damages, exemplary damages as defined in Civil Code § 3294, to make an example of and to punish defendants, in the amount of $2,000,000; and

(d) In addition to actual damages and exemplary damages, statutory damages as provided for in 17 U.S.C. §504(c)(2); and

(e) In addition to actual damages, exemplary damages, and statutory damages, statutory damages as provided for in 17 U.S.C. § 504(c)(1); and

(f) In addition to actual damages, exemplary damages, and statutory damages, additional damages as provided for in 17 U.S.C. § 504 (d).

(g) In addition to actual damages, exemplary damages, and statutory damages, an award of attorney's fees and cost as provided for in 17 U.S.C. § 505.

(h)     Any other or further relief that the Court deems appropriate.

**As to the Second Cause of Action for Interference with Prospective Economic Advantage:**

(a) Order an award of damages in an amount to be determined at trial; and

(b) In addition to actual damages, exemplary damages as defined in Civil Code § 3294, to make an example of and to punish defendants, in the amount of $2,000,000; and

(c)     Any other or further relief that the Court deems appropriate.

**As to the Third Cause of Action for Negligent Interference with Prospective Economic Advantage:**

(a)     Order an award of damages in an amount to be determined at trial; and

(b)     Any other or further relief that the Court deems appropriate.

**As to the Fourth Cause of Action for Civil Conspiracy:**

(a)     Issue a permanent injunction, enjoining and prohibiting Defendants, or their agents, servants, employees, officers, attorneys, successors and assigns from publishing, maintaining or controlling, or allowing others to maintain and control, the compilation of postings contained on plaintiff's website;

(b)     Order an award of damages in an amount to be determined at trial; and

COMPLAINT - 11

(c) In addition to actual damages, exemplary damages as defined in Civil Code § 3294, to make an example of and to punish defendants, in the amount of $2,000,000; and

(d) Any other or further relief that the Court deems appropriate.

**As to the Fifth Cause of Action for Unfair Business Practices under Business and Professions Code §17200 et seq.:**

(a) Issue a permanent injunction, enjoining and prohibiting Defendants, or their agents, servants, employees, officers, attorneys, successors and assigns from publishing, maintaining or controlling, or allowing others to maintain and control, the compilation of postings contained on plaintiff's website;

(b) Ordering the disgorgement of profits gained as a result of the unfair business practices of the Defendants restitution to the Plaintiff in an amount to be determined at trial; and

(c) Order an award of attorney's fees and costs as provided for under Code of Civil Procedure §1021.5

(d) Any other or further relief that the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims properly presentable to a jury for determination.

Dated this 13 day of July, 2006

Joshua A. Ridless, State Bar No. 195413
Attorney for Plaintiff
BENSBARGAINS.NET

COMPLAINT - 12

ORIGINAL

# CIVIL COVER SHEET

JS44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**06 CV 1445 BTM LSP**

**I (a) PLAINTIFFS**

BEN'SBARGAINS.NET, LLC

**DEFENDANTS**

XPBARGAINS.COM, a form unknown, HAIYUN GUO, an individual, KAVE WAUB, an individual, and DOES ONE THROUGH TWENTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

JOSHUA A. RIDLESS
LAW OFFICE OF JOSHUA A. RIDLESS
244 CALIFORNIA ST., STE 300
SAN FRANCISCO, CA 94111   (415) 986-8600

**ATTORNEYS (IF KNOWN)**

**BY FAX**

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY):

28 U.S.C. §1338 grants jurisdiction to this court to hear cases arising under the Copyright Act. This case is based upon a claimed violation of 15 U.S.C. 103.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury—Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☒ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl Ret Inc Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $** 2,000,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 7/17/06   SIGNATURE OF ATTORNEY OF RECORD

#127210  $350  /ko  7/17/06

:ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

```
UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 127210  -  A3
July 17, 2006


Code       Case #       Qty    Amount

CV086900 3-06-CV-1445           60.00 CH
   Judge   - HOSKOWITZ
CV610000                       190.00 CH
CV086400                       100.00 CH


Total->                        350.00


FROM: CIVIL FILING
      SENS BARGAINS.NET, LLC V.
      XPBARGAINS.COM, ET AL
```